UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-3667 PA (PVCx) | Date | April 22, 2020 |
|---|---|---|---|
| Title | Musso and Frank Grill Co., Inc. v. Mitsui Sumitomo Insurance USA Inc. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| T. Jackson | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

Before the Court is a Complaint filed by plaintiff Musso and Frank Grill Co., Inc. ("Plaintiff") on April 21, 2020. (Dkt. 1.) Plaintiff alleges that the Court possesses diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332, but the Complaint fails to adequately show the parties are completely diverse. The Court therefore dismisses the Complaint and grants Plaintiff leave to amend and establish federal subject matter jurisdiction.

Federal Rule of Civil Procedure 8(a) requires, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction . . . ." Fed. R. Civ. P. 8(a)(1). This District's Local Rules further provide that "[t]he statutory or other basis for the exercise of jurisdiction by this Court shall be plainly stated in . . . any document invoking this Court's jurisdiction." Local Civil Rule 8-1. Federal courts have subject matter jurisdiction over only those matters authorized by the Constitution and Congress. Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986). In seeking to invoke this Court's jurisdiction, Plaintiff bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986). Jurisdiction may be based on complete diversity of citizenship, requiring all plaintiffs to have a different citizenship from all defendants and for the amount in controversy to exceed $75,000.00. See 28 U.S.C. § 1332.

Plaintiff alleges that the Court possesses diversity jurisdiction over this action. (Dkt. 1 ¶17.) However, Plaintiff's citizenship allegations are deficient. Plaintiff alleges that "Defendant Mitsui is, and at all relevant times was, conducting business in the State of California as an insurer." (Id. at ¶20.) A corporation is a citizen of both its state of incorporation and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1); see also New Alaska Dev. Corp. v. Guetschow, 869 F.2d 1298, 1300-01 (9th Cir. 1989). Plaintiff has not presented this information, and therefore has not properly alleged the citizenship of Defendant Mitsui Sumitomo Insurance USA Inc.

For these reasons, the Court dismisses Plaintiff's Complaint for lack of subject matter jurisdiction. Despite these deficiencies, a district court may, and should, grant leave to amend when it appears that subject matter jurisdiction may exist—even though the complaint inadequately alleges jurisdiction. See 28 U.S.C. § 1653; Trentacosta v. Frontier Pac. Aircraft Indus., Inc., 813 F.2d 1553, 1561 (9th Cir. 1987) ("Leave to amend a complaint should be freely given in the absence of a showing of bad faith or undue delay by the moving party or prejudice to the nonmoving party."). The Court hereby grants Plaintiff leave

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-3667 PA (PVCx) | Date | April 22, 2020 |
|---|---|---|---|
| Title | Musso and Frank Grill Co., Inc. v. Mitsui Sumitomo Insurance USA Inc. | | |

to amend to attempt to establish federal subject matter jurisdiction.  **Plaintiff's Amended Complaint, if any, shall be filed no later than May 6, 2020.**  The failure to timely respond will result in the dismissal of this action without prejudice.  Plaintiff would then be free to pursue its claims in state court.

    IT IS SO ORDERED.